PER CURIAM.
The Florida Bar has filed a petition for temporary suspension of John V. Baum from the practice of law pursuant to Rule 11.10(5), Article XI, of the Integration Rule of The Florida Bar. In its petition, The Bar alleges:
“1. The filing of this petition has been authorized by the Executive Director of The Florida Bar.
“2. The affidavit of William L. Colbert, chairman of the Eighteenth Judicial Circuit Grievance Committee ‘A,’ attached hereto as Exhibit ‘1,’ shows that Mr. Baum has misappropriated money from his law firm’s trust and general accounts, as well as money received directly from clients, in the total amount of $21,100. Mr. Colbert’s affidavit includes his statement that he believes that John V. Baum is causing great public harm by misappropriating funds to his own use, and that the best interest of the public would be served by the immediate temporary suspension of Mr. Baum from the practice of law.
“3. The affidavit of Newman D. Brock, Gary E. Massey, Franklin T. Walden and O. H. Eaton, Jr., the surviving partners of the law firm of Brock, Massey, Walden, Baum and Eaton, attached hereto as Exhibit ‘2,’ sets forth specific examples of misappropriations of funds by Mr. Baum. The affidavit includes the affiants’ assertion that Mr. Baum is causing great public harm by misappropriating funds to his own use and that the best interest of the public would be served by his immediate suspension from the practice of law.
“4. Respondent, John V. Baum, is causing great public harm by misappropriating funds to his own use.
“5. The respondent, John V. Baum, has submitted his consent to suspension pending investigation, and it is attached hereto as Exhibit ‘3.’
[[Image here]]
“7. The Bar has also been advised that Mr. Baum’s partners have covered all known shortages in the firm’s trust account.”
Having carefully examined the petition and accompanying affidavits demonstrating Baum’s misconduct, we hereby grant the petition of The Bar requesting temporary suspension of Baum from the practice of law. It is, therefore, ordered that:
1. Respondent be and is hereby suspended from the practice of law in this state until further order of this Court.
2. Respondent is enjoined from withdrawing any trust funds now on deposit with any bank as provided in Rule 11.10(5) of Article XI of The Florida Bar Integration Rule until further order of this Court.
3. Respondent shall immediately notify in writing all banks in which he maintains accounts of the provisions of his suspension, and respondent shall provide said banks with a copy of this order. Respondent shall also provide staff counsel of The Florida Bar with a copy of the notice that he sends to each bank.
4. Respondent shall deposit into a trust account all sums hereafter received from the practice of law, whether fees, costs, deposits, or trust funds, and respondent shall immediately advise staff counsel of The Florida Bar of the receipt and location of such funds.
*431 5. Respondent shall furnish a copy of his suspension order to all clients whom he, himself, is representing in matters pending and shall furnish staff counsel with an affidavit listing the names and addresses of clients so notified.
6. Although Rule 11.10(5), Article XI, Integration Rule, provides:
“Any order of temporary suspension issued under this rule shall preclude the attorney accepting any new cases but shall not preclude him continuing to represent existing clients during the first thirty days after issuance of such temporary order; . . .
this does not mean that respondent has the right to reclaim any cases or files which have already been turned over to other members of the firm of which he was a member or that have been turned over to other members of The Florida Bar.
It is so ordered.
OVERTON, C. J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.